**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――――

**No. 10-4963**

―――――――――――

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

MARTIN LOUIS BAUCOM,

                    Defendant - Appellant.

―――――――――――

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  Frank D. Whitney,
District Judge.  (3:02-cr-00147-FDW-1)

―――――――――――

Submitted:  April 8, 2011              Decided:  May 9, 2011

―――――――――――

Before TRAXLER, Chief Judge, and WILKINSON, Circuit Judge, and
HAMILTON, Senior Circuit Judge.

―――――――――――

Affirmed by unpublished per curiam opinion.

―――――――――――

Claire J. Rauscher, Executive Director, Ross H. Richardson,
Assistant Federal Defender, Charlotte, North Carolina, for
Appellant.  Anne M. Tompkins, United States Attorney, David A.
Brown, Sr., First Assistant United States Attorney, Charlotte,
North Carolina, for Appellee.

―――――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This is the third time this court has reviewed Martin Baucom's sentence for failure to file tax returns and conspiracy to defraud the United States. In May 2002, Baucom was charged with three counts of failing to file tax returns for tax years 1995-1997, in violation of 26 U.S.C. § 7203 (2006). In December 2002, the Government sought a superseding indictment, charging Baucom and his co-defendant, Patrick Grant Davis, with conspiracy to defraud the United States, in violation of 18 U.S.C. § 371 (2006). Baucom and Davis represented themselves at trial, after which the jury found them guilty of all counts. Baucom originally received a downward variance sentence of fifteen months' imprisonment.

Baucom appealed his conviction and the Government cross-appealed the sentence. After hearing oral argument, this court affirmed Baucom's convictions, but vacated his sentence and remanded for resentencing. See United States v. Baucom, 486 F.3d 822 (4th Cir. 2007) ("Baucom I"), vacated on other grounds sub nom. Davis v. United States, 552 U.S. 1092 (2008). The Supreme Court subsequently granted Davis' petition for a writ of certiorari and remanded the case to this court for further consideration in light of United States v. Gall, 552 U.S. 38 (2007). See Davis v. United States, 552 U.S. 1092 (2008). This court, in turn, remanded the case to the district court.

2

At resentencing, the district court again imposed a fifteen-month variance sentence. The Government appealed, and this court again vacated the judgment and remanded for resentencing. See United States v. Baucom, 360 F. App'x 457 (4th Cir.) (Nos. 08-4493/4512) ("Baucom II"), cert. denied, 130 S. Ct. 3340 (2010).

On remand, the district court granted the Government's motion for an upward variance and sentenced Baucom to forty-eight months' imprisonment. This appeal timely followed.

Baucom alleges two forms of procedural error in his sentence. Baucom first contends the court erred in calculating the tax loss amount and the corresponding base offense level by failing to consider the itemized deductions that he could have taken. Baucom next maintains the district court committed Carter[1] error in failing to individually assess his case and to offer a sufficient explanation for the variance sentence it imposed. For the reasons that follow, we reject these contentions and affirm.

This court reviews sentences for reasonableness, applying an abuse of discretion standard. Gall, 552 U.S. at 50; United States v. Diosdado-Star, 630 F.3d 359, 363 (4th Cir.

---

[1] United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009).

2011). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Gall, 552 U.S. at 51.

In determining procedural reasonableness, this court considers whether the district court properly calculated the defendant's advisory Guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an individualized assessment based on the particular facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted). An extensive explanation is not required as long as the appellate court is satisfied "'that [the district court] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority.'" United States v. Engle, 592 F.3d 495, 500 (4th Cir.) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)) (alterations in original), cert. denied, 131 S. Ct. 165 (2010).

Baucom first assigns error to the calculation of his offense level, which was determined based on the total amount of tax loss. See U.S. Sentencing Guidelines Manual ("USSG") §§ 2T1.1, 2T4.1 (2003). The Government declined to use the

4

default methodology set forth in the guideline, opting instead to make a "more accurate determination" of the tax loss. USSG § 2T1.1(c)(2)(A). Baucom asserts that in making that determination, the Government was obligated to afford him the benefit of any itemized deductions that he could have claimed.[2] Because this issue is a question of law related to the legal interpretation of the Guidelines, we will review de novo the district court's ruling. United States v. Delfino, 510 F.3d 468, 472 (4th Cir. 2007); Baucom I, 486 F.3d at 829.

This argument is foreclosed by established circuit precedent. This court has squarely rejected the contention that "the phrase 'a more accurate determination of the tax loss' mandates the calculation of deductions before tax loss is determined." Delfino, 510 F.3d at 473. Baucom attempts to distinguish Delfino on the basis that it was a tax evasion case, whereas Baucom was convicted of failing to file tax returns. This contention neglects to consider, however, that the relevant portion of Delfino addressed the same guideline — USSG § 2T1.1(c)(2)(A) — that is at the center of Baucom's argument. Accordingly, we conclude Delfino is not distinguishable on this basis and disposes of this issue.

---

[2] We note that Baucom has not identified the deductions to which he suggested he was entitled, nor has he proffered any evidentiary support for any such deductions.

Baucom next posits that the district court failed to adequately consider the § 3553(a) sentencing factors or to sufficiently explain the reasons for the upward variance. According to Baucom, the court afforded disproportionate weight to his long-term failure to file tax returns, and the court committed further procedural error by failing to explain its rejection of the mitigating factors advanced by counsel.

These arguments are belied by the record. Although Baucom is correct that the district court focused on the duration of his failure to file tax returns, there was no abuse of discretion in doing so. This fact is highly relevant to Baucom's particular criminal conduct, as well as the need for the sentence to reflect the seriousness of the offense, to promote respect for tax laws, to provide just punishment, and to deter others who consistently and willfully fail to file tax returns. See 18 U.S.C. § 3553(a)(1), (a)(2)(A)-(B). Moreover, the durational issue was not the only basis for the variance. The court further identified that, throughout the course of his prosecution, Baucom had shown himself prone to gamesmanship, consistently sought to manipulate the legal process, and demonstrated a lack of respect for the law. These findings are relevant to the history and characteristics of this defendant. See 18 U.S.C. § 3553(a)(1).

Baucom's argument, in essence, asks this court to substitute its judgment for that of the district court. While this court may have weighed the § 3553(a) factors differently if we had resolved the issue in the first instance, we will defer to the district court's well-reasoned decision. See United States v. Jeffrey, 631 F.3d 669, 679 (4th Cir. 2011) ("[D]istrict courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors.").

Baucom next claims the district court's explanation does not reflect consideration of his evidence regarding the nationwide average sentence imposed for tax violations, and thus that the court did not adequately consider the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a)(6). To the contrary, the court specifically noted this evidence, but found that Baucom's offense conduct was outside the heartland of tax cases due to the aforementioned reasons, and thus concluded that any sentencing disparity was not unwarranted. The court further opined that the other evidence offered in mitigation — particularly, that Baucom was poor and working on a farm under less-than-ideal conditions — was insufficient to overcome the weight of the factors that counseled an upward variance. We discern no abuse of discretion in these conclusions.

The district court's explanation reflects its thorough, individualized assessment of this case in light of the § 3553(a) factors, and was more than adequate to support the variance sentence. See United States v. Grubbs, 585 F.3d 793, 805 (4th Cir. 2009) (opining that a "§ 3553(a)-based[] explanation of [defendant's] sentence provides independent grounds for a variance sentence and verifies the reasonableness of the district court's sentencing determination"), cert. denied, 130 S. Ct. 1923 (2010). Accordingly, we affirm the district court's amended judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED